UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PETER KLEKAMP** | ) | Case No. 1:13-cv-476 |
| **5900 Graves Lakes Road** | ) | |
| **Cincinnati, Ohio 45243** | ) | (Judge _____) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| **PETER J. KUBASEK** | ) | |
| **10101 Alliance Road** | ) | |
| **Suite 109** | ) | **COMPLAINT FOR MONETARY AND** |
| **Cincinnati, Ohio 45242** | ) | **FOR OTHER RELIEF** |
| | ) | |
| and | ) | |
| | ) | **JURY DEMAND** |
| **THE MIDWEST OPPORTUNITY FUND, LLC** | ) | |
| **10101 Alliance Road** | ) | |
| **Suite 109** | ) | |
| **Cincinnati, Ohio 45242** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **JOSEPH J. HENNESSY** | ) | |
| **c/o RESOURCES PLANNING GROUP, INC.** | ) | |
| **10101 Alliance Road** | ) | |
| **Suite 109** | ) | |
| **Cincinnati, Ohio 45242** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **RESOURCES PLANNING GROUP, INC.** | ) | |
| **10101 Alliance Road** | ) | |
| **Suite 109** | ) | |
| **Cincinnati, Ohio 45242** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **MIDWEST FUND MANAGER, LLC** | ) | |
| **c/o Peter J. Kubasek, Registered Agent** | ) | |
| **10917 Shadow Glen Drive** | ) | |
| **Loveland, Ohio 45140** | ) | |
| | ) | |

| | |
|---|---|
| and | ) |
| | ) |
| **THE MALIBU GROUP, LLC** | ) |
| c/o Stephen A. Kappers, Registered Agent | ) |
| 537 East Pete Rose Way | ) |
| Suite 400 | ) |
| Cincinnati, Ohio 45202 | ) |
| | ) |
| and | ) |
| | ) |
| **MOF MANAGING MEMBER, LLC** | ) |
| c/o Corporation Service Company | ) |
| 2711 Centerville Road, Suite 400 | ) |
| Wilmington, DE 19808 | ) |
| | ) |
| and | ) |
| | ) |
| **J. FORD TAYLOR** | ) |
| 10101 Alliance Road | ) |
| Suite 109 | ) |
| Cincinnati, Ohio 45242 | ) |
| | |
| **Defendants.** | |

Plaintiff, Peter Klekamp ("Plaintiff"), for his Complaint against the Defendants, states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Peter Klekamp is a resident of Hamilton, County, Ohio.

2. Defendant Peter J. Kubasek ("Kubasek") is a resident of Hamilton County, Ohio, is a Member and Principal of The Midwest Opportunity Fund, LLC, is Managing Member and Principal of Midwest Fund Manager, LLC, is a Principal and Founder of The Malibu Group, LLC, and is a Principal and Member of MOF Managing Member, LLC.

3. Defendant The Midwest Opportunity Fund, LLC ("MOF") is a Delaware limited liability company with offices in Cincinnati, Hamilton County, Ohio.

4. Defendant Joseph J. Hennessy ("Hennessy") is a resident of Western Springs, Illinois and is a Managing Member and Principal of Midwest Fund Manager, LLC, a Principal and Member of MOF, a Principal an Managing Director of Resources Planning Group, Inc., and a Principal and Member of MOF Managing Member, LLC.

5. Defendant Resources Planning Group, Inc. ("RPG") is an Indiana corporation with its principal place of business in Chicago, Illinois.

6. Defendant Midwest Fund Manager, LLC ("MFF") is an Ohio limited liability company with its principal place of business in Hamilton County, Ohio.

7. Defendant The Malibu Group, LLC ("TMG") is an Ohio limited liability company with its principal place of business in Hamilton County, Ohio

8. Defendant MOF Managing Member, LLC ("MOF Managing Member") is an Illinois limited liability company with its principal place of business in Illinois.

9. Defendant J. Ford Taylor ("Taylor") is a resident of Hamilton County, Ohio and is a Principal of The Midwest Opportunity Fund, LLC, Midwest Fund Manager, LLC, The Malibu Group, LLC and/or MOF Managing Member, LLC.

10. Defendants Kubasek, MOF, Hennessy, RPG, MFF, TMG, MOF Managing Member and Taylor are sometimes referred to collectively herein as "Defendants."

11. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

The following facts are alleged based upon the information known and available to Plaintiff at this time:

12. Plaintiff is the victim of a fraudulent scheme orchestrated by the Defendants for the purposes of bilking funds from investors in the Midwest Opportunity Fund (the "Fund")

under false and fraudulent pretenses. Plaintiff has lost approximately $600,000.00 as a direct result of this fraudulent scheme and his investment in the Fund at the direction of Kubasek and the other Defendants. Kubasek,, an investment advisor, and others solicited and recommended the Plaintiff's investment in the Fund through TMG, an investment banking firm that Kubasek owns.

13. The Fund is or was owned and controlled by MOF, and is or was managed by MFF. MOF Managing Member is or was the Managing Member and investment advisor to the Fund.

14. Hennessy is an investment advisor who orchestrated and/or participated in the fraudulent scheme through MOF and through RPG, the investment advisory firm that Hennessy owns.

15. Prior to 2007, MOF's investment portfolio consisted of two entities located in the Midwest: Apex Property Restoration Group, LLC and Ad-Pro Signs Group, LLC.

16. In or about 2007, the Defendants began soliciting funds from private investors, including Plaintiff, in an effort to raise approximately $5.7 million. Defendants purportedly sought these funds for the purpose of facilitating MOF's acquisition of a third entity, Direct Scaffold & Ladder, LLC ("Direct Scaffold & Ladder").

17. Some respondents to Defendants' solicitations received promissory notes from MOF to secure their investments with a 15% annual interest rate and providing for repayment of principal within one year. Many of the notes were personally guaranteed by Hennessy.

18. Plaintiff responded to Defendants' solicitations and invested $600,000.00 in the Fund, by and through Kubasek and MOF. Plaintiff did not receive a promissory note to secure

his investment, but instead he received an LLC membership interest in MOF, which entitled him to a share of its profits proportionate with his interest.

19. Kubasek made material misrepresentations of fact, and omitted and/or concealed material facts, in connection with his solicitation of Plaintiff's investment in the Fund. Those misrepresentations, omissions and/or concealments included, but were not limited to, representations that the Fund was a viable private equity fund that offered high returns, misrepresentations about the Fund's financial condition, and a failure to disclose that Plaintiff's investment would be used, in whole or in part, to retire notes issued to earlier investors in the Fund.

20. The retirement of notes issued to prior investors in the Fund using funds invested by Plaintiff personally benefitted Hennessy because the payments had the effect of reducing his personal liability on guarantees he had made on the notes issued by the Fund to those investors.

21. Between 2007 and 2010, the Defendants misappropriated funds from RPG and/or from TMG and transferred them to the Fund, without the knowledge or consent of Plaintiff or the investors of those funds.

22. At the time of Plaintiff's investment in the Fund, the three portfolio companies owned by the Fund – Apex Property Restoration Group, LLC, Ad-Pro Signs Group, LLC and Direct Scaffold & Ladder, were struggling and became unable to pay any management fees to the Fund. As a result, the Fund lacked the ability to repay the investors on the notes.

23. By 2010, all three of the portfolio companies owned by the Fund were in receivership and were effectively insolvent. The Defendants, however, failed to disclose these material facts to Plaintiff and concealed these facts from him.

24. In or about early 2013, Plaintiff discovered that his investment in the Fund and his ownership interest in MOF are essentially worthless and that the representations made by the Defendants to induce his investment were fraudulent. Plaintiff has been advised by Kubasek, Taylor and others that the Fund is unable to repay to him any part of his investment.

25. On or about November 29, 2012, the Securities and Exchange Commission instituted an action against RPG and Hennessy in the action styled as *Securities and Exchange Commission v. Resources Planning Group, Inc. and Joseph J. Hennessy,* Case No. 12 cv 9509, United States District Court, Northern District of Illinois, Eastern Division. (the "SEC Action"). In its Complaint, the SEC alleged that RPG and Hennessy engaged in a fraudulent scheme as outlined above with respect to their solicitation of investors in the Fund.

26. On or about April 3, 2013, a Consent Judgment was entered against Hennessy in the SEC Action, in which Hennessy agreed to a permanent injunction that restrains and enjoins him from further violations of the securities laws.

## COUNT ONE

### (Violations of Section 17(a)(1) of the Securities Act)

27. Plaintiff incorporates the allegations contained in Paragraphs 1 through 26, above, as if fully restated herein.

28. As described above, Defendants, directly or indirectly, engaged in and/or employed devices, schemes or artifices to defraud in the offer or sale of securities, through the use of the means and instruments of transportation or communication in interstate commerce or by use of the mails.

29. Defendants' actions and omissions described above were performed knowingly or recklessly.

30. Defendants' actions constitute violations of Section 17(a)(1) of the Securities Act (15 U.S.C. § 77q(a)(1)).

31. Plaintiff has been damaged by Defendants' actions and omissions described herein in an amount exceeding $600,000.00 to be proven at trial.

## COUNT TWO

### (Violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act)

32. Plaintiff incorporates the allegations contained in Paragraphs 1 through 31, above, as if fully restated herein.

33. Defendants, directly or indirectly, have obtained money or property by means of untrue statements of material fact or omissions of material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading, or engaged in a transaction, practice, or course of business which operated or would operate as a fraud or deceit upon purchasers of securities, through the use of the means and instruments of transportation or communication in interstate commerce or by use of the mails.

34. Defendants' actions constitute violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act (15 U.S.C. §§ 77q(a)(2) and 77q(a)(3))).

35. Plaintiff has been damaged by Defendants' actions and omissions described herein in an amount exceeding $600,000.00 to be proven at trial.

## COUNT THREE

### (Violations of Section 10(b) of the Exchange Act)

36. Plaintiff incorporates the allegations contained in Paragraphs 1 through 35, above, as if fully restated herein.

37. Defendants, in connection with the purchase or sale of securities, directly or indirectly, through the use of the means and instruments of transportation or communication in

interstate commerce or by use of the mails: (a) used or employed a device, scheme or artifice to defraud; (b) made untrue statements of material fact or omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in acts, practices, or courses of business which operated or would operate as a fraud and deceit upon the purchasers and prospective sellers of such securities.

38. Defendants acted knowingly or recklessly through the fraudulent conduct described above.

39. Defendants' actions constitute violations of Section 10(b) of the Exchange Act (15 U.S.C. § 78j(b)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

40. Plaintiff has been damaged by Defendants' actions and omissions described herein in an amount exceeding $600,000.00 to be proven at trial.

## COUNT FOUR

**(Violations of Section 206(1) and 206(2) of the Advisers Act10(b) of the Exchange Act)**

41. Plaintiff incorporates the allegations contained in Paragraphs 1 through 40, above, as if fully restated herein.

42. Defendants, or some of them, were investment advisers within the meaning of Section 202(a)(11) of the Advisers Act (15 U.S.C. § 80b-2(a)(11)).

43. Defendants owed Plaintiff duties of utmost good faith, fidelity, and care to make full and fair disclosure to them of all material facts, as well as the duty to act in the best interests of investors and not to act in their own interests to the detriment of the MOF investors.

44. Defendants, directly or indirectly, knowingly or recklessly, through the use of the means and instruments of interstate commerce, (a) used or employed a device, scheme or artifice to defraud clients and prospective clients; and/or (b) engaged in transactions, practices or courses

of business which operated or would operate as a fraud and deceit upon clients or prospective clients.

45. Defendants' actions constitute violations of Sections 206(1) and 206(2) of the Advisers Act (15 U.S.C. § 80b-6(1) and (2)).

46. Plaintiff has been damaged by Defendants' actions and omissions described herein in an amount exceeding $600,000.00 to be proven at trial.

## COUNT FIVE

### (Breach of Fiduciary Duty)

47. Plaintiff incorporates by reference paragraphs 1 through 46, above, as if fully restated herein.

48. Defendants, or some of them, owed fiduciary duties of loyalty, honesty, integrity to Plaintiff, and were obligated to act in a manner consistent with the best interests of Plaintiff.

49. Defendants breached their fiduciary duties and generally failed to act in the best interests of Plaintiff.

50. As a direct and proximate result of Defendants' breaches of fiduciary duties, Plaintiff has been damaged in an amount exceeding $600,000.00 to be proven at trial.

## COUNT SIX

### (Fraudulent Misrepresentation)

51. Plaintiff incorporates by reference paragraphs 1 through 50, above, as if fully restated herein.

52. Defendants knowingly made material misrepresentations of fact to Plaintiff, or omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading.

53. Defendants intended that Plaintiff would rely upon their misrepresentations and/or omissions of material facts.

54. Plaintiff did justifiably rely upon Defendants' misrepresentations and/or omissions of material facts, to his detriment.

55. As a direct and proximate result of Defendants' misrepresentations and/or omissions of material facts, Plaintiff has been damaged in an amount exceeding $600,000.00 to be proven at trial.

## COUNT SEVEN

### (Conversion/Civil Theft)

56. Plaintiff incorporates by reference paragraphs 1 through 55, above, as if fully restated herein.

57. Defendants converted to their own use the funds invested by Plaintiff in the Fund.

58. As a direct and proximate result of Defendants' actions, Plaintiff has been damaged in an amount exceeding $600,000.00 to be proven at trial.

WHEREFORE, Plaintiff Peter Klekamp respectfully requests that judgment be entered in his favor and against the Defendants, jointly and severally, in an amount in excess of $600,000.00 to be proven at trial, and that Plaintiff be awarded punitive damages, plus his costs and expenses incurred herein, including reasonable attorney's fees; and all such further relief to which Plaintiff may be entitled.

- 11 -

Respectfully submitted,

*/s/ Steven C. Coffaro*
Steven C. Coffaro (0065116)
One East Fourth St.
Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6489
Fax: (513) 579-6457
steve.coffaro@kmklaw.com
Attorney for Plaintiff

OF COUNSEL:

KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
(513) 579-6400

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable herein.

5009946.1